UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | No. 21 CR 104 |
| v. | |
| | Judge Mary M. Rowland |
| MANDRELL HORTON | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.      All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.   Certain materials contain particularly sensitive information, the unrestrictive dissemination of which would adversely affect the safety interests of third parties.   This information includes materials involving or identifying confidential source(s) that may have cooperated with the government during the course of its investigation (the "Attorney's Eyes Only Materials").   The Attorney's Eyes Only Materials shall be plainly marked by the government prior to disclosure.   For written materials, the pages that are Attorney's Eyes Only will be individually marked.   For other items, such as audio or video

recordings, the media containing those recordings will be marked in the same manner.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. Neither the Attorney's Eyes Only Materials nor the information contained therein may be disclosed to any persons other than counsel for defendant (defined as counsel of record in this case) or investigators employed by defendant's counsel to assist the defense ("authorized persons"), without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the Attorney's Eyes Only Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

3. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including personal identifying information of one or more persons other than the defendant to whom the information is disclosed. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed

2

to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case if a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

4.      Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials or Attorney's Eyes Only Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5.      Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6.      Before providing materials or Attorney's Eyes Only Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for

3

any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the Court upon request of the government.

7.      Upon conclusion of all stages of this case, all of the materials, Attorney's Eyes Only Materials, and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials or Attorney's Eyes Only Materials. In the event that the materials or Attorney's Eyes Only Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials or Attorney's Eyes Only Materials are so maintained, and the materials or Attorney's Eyes Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

8.      To the extent any material or Attorney's Eyes Only Materials are produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material or Attorney's Eyes Only Materials and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material and Attorney's Eyes Only Materials if in hard copy, and in the case of electronic materials

4

or Attorney's Eyes Only Materials, shall certify in writing that all copies of the specified material or Attorney's Eyes Only Materials have been deleted from any location in which the material was stored.

9.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

E N T E R:

Dated: March 24, 2021

_____
MARY M. ROWLAND
United States District Judge